## MOFFATT *v.* HELMER.

1. AUTOMOBILES — NEGLIGENCE — CONTRIBUTORY   NEGLIGENCE — INTERSECTIONS — QUESTIONS FOR JURY.

Issues of negligence of southbound defendant motorist on stop street and contributory negligence of eastbound plaintiff motorist on through street were properly submitted to jury to determine as questions of fact to decide whether either driver was guilty of negligence proximately causing the collision, where evidence as to speed of defendant's vehicle and as to whether he stopped was in conflict and plaintiff entered the intersection after he may have realized defendant was approaching at such a high rate of speed he would not be able to stop, defendant being warned by a red flasher light and plaintiff by a yellow flasher light.

2. WITNESSES — AUTOMOBILE ACCIDENT — POLICE OFFICER — TRAFFIC VIOLATION.

Cross-examination of police officer by plaintiffs' attorney in intersection collision case in which it was elicited that he had given defendant a ticket for traffic violation was properly ordered disregarded by the trial court in instructions given to the jury and did not result in reversible error.

3. AUTOMOBILES—INTERSECTIONS—VERDICTS—GREAT WEIGHT OF EVIDENCE.

Verdict for defendant southbound motorist on stop street in action brought by eastbound motorist on through street for damages sustained in accident which occurred at 2:30 a.m. late in February *held*, not against the great weight of the evidence.

Appeal from Ingham; Coash (Louis E.), J. Submitted January 11, 1956. (Docket No. 72, Calendar No. 46,453.) Decided April 2, 1956. Rehearing denied June 28, 1956.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur, Automobiles §§ 668, 673, 692, 703, 715, 720.
[2] 5 Am Jur, Automobiles § 617.

Case by George H. Moffatt and Allstate Insurance Company, a foreign corporation, assignee, against Lawrence R. Helmer for damages sustained in automobile collision. Verdict and judgment for defendant. Plaintiffs appeal. Affirmed.

*Henry Clay Campbell,* for plaintiff Moffatt.

*Fred C. Newman,* for plaintiff Allstate Insurance Company.

*Reagh, Denfield & Reid,* for defendant.

BOYLES, J. This suit results from a collision between 2 automobiles at the intersection of Michigan avenue and Foster avenue in Lansing. The case was tried by jury, with a verdict of no cause for action. Plaintiffs appeal.

The questions whether the defendant was guilty of negligence, and whether Moffatt, the driver of the plaintiff car, was free from contributory negligence, were both submitted to the jury under appropriate instructions. In the absence of any special question submitted to the jury, or a special verdict, there is nothing here to indicate whether the jury found the defendant not guilty of any negligence which was a proximate cause of the accident, or that the plaintiffs had failed to prove freedom from contributory negligence. However, in their brief, the plaintiffs-appellants seem to conclude that the jury found that the plaintiff driver was guilty of contributory negligence. Plaintiffs' question for our consideration is:

"Was evidence submitted at the trial which would support a finding by the jury that plaintiff George Moffatt was guilty of contributory negligence?"

Appellants contend that the answer should be "No." Their brief argues that:

"In this case plaintiffs proved that plaintiff Moffatt's automobile was struck solely because defendant Helmer did not stop for a red light.  *  *  * Plaintiffs submit that the record is barren of any evidence of negligence on the part of plaintiffs that contributed to the cause of the collision."

Consequently, we feel that the controlling question submitted to us for decision, relied on by appellants for reversal, is whether, under the proofs adduced, plaintiff Moffatt's freedom from contributory negligence was properly a question of fact for the jury.

At about 2:30 o'clock in the morning of February 22, 1953, plaintiff-appellant Moffatt was driving an automobile east on Michigan avenue in Lansing. At the same time, the defendant was driving an automobile south on Foster avenue, approaching the intersection of said street with Michigan avenue. There was a traffic light suspended above the center of the intersection, which, at that time, was flashing red against the defendant approaching the intersection on Foster, and yellow for the plaintiff Moffatt moving east on Michigan avenue. A restaurant on the northwest corner of said intersection interfered with the view from Michigan avenue north on Foster, and vice versa, until automobiles were within 75 to 90 feet of the intersection.

The red flashing light against the defendant approaching on Foster avenue required the defendant to stop before entering the Michigan avenue crosswalk at the intersection. The result was to make Michigan avenue a through street. The same statute also required the plaintiff approaching the intersection on Michigan avenue to heed the yellow flashing signal and to proceed through the intersection only with caution.*

---

* CLS 1954, § 257.614 (Stat Ann 1952 Rev § 9.2314).

Plaintiff Moffatt admits he drove into the intersection without stopping. There was a dispute in the testimony, which might leave a question of fact, as to whether the defendant's car was driven into the intersection without stopping. There was a conflict in the testimony as to the speed at which each vehicle was being driven. There was testimony that the plaintiff Moffatt slowed down 5 to 10 miles per hour from driving 25 to 30 miles per hour. There was testimony that the defendant, on Foster avenue, was approaching the intersection at a high rate of speed. In fact, plaintiff Moffatt himself estimated defendant's speed at 60 miles per hour and testified that when he first saw the defendant's car, from 70 to 90 feet west of the intersection, "he was going at such a terrific rate of speed that by the time he got to the sidewalk, in a matter of 2 seconds, maybe less, I knew that he couldn't stop if he tried to." To the contrary, a witness for the defendant testified that he saw the headlights of the defendant's automobile, in his rearview mirror, following his car on Foster avenue about 3 car lengths behind; that he (the witness) was driving 25 miles per hour; that he stopped at the intersection and looked both ways, and then drove through it ahead of the defendant, and that he then heard the crash. The defendant himself testified that he did not afterwards remember anything about the collision. Obviously, this conflict in the testimony, as to speed, raised an issue of fact as to how fast the defendant drove, depending on credibility of the witnesses, which is a jury question, and, also, as to whether he stopped at the intersection. There was, also, some testimony that the plaintiff Moffat was driving at a speed of 25 to 30 miles per hour. The lawful maximum speed for both vehicles, on both streets, was 25 miles per hour.

The trial court properly concluded that the testimony raised questions of fact to be submitted to

the jury as to whether either or both drivers were guilty of negligence. There was a question whether the defendant drove into the intersection without stopping for the red flashing light. The plaintiff driver's own testimony as to what had occurred brought a question of fact to the jury as to his freedom from contributory negligence under the circumstances shown. After he had observed the defendant's car approaching the intersection at such a speed that he knew the defendant could not stop, the plaintiff drove into the intersection against the yellow flasher, warning him to use caution. Was the plaintiff driver guilty of contributory negligence in going into the intersection after he had seen the defendant approaching at such a high rate of speed, 75 to 90 feet from the intersection, and did he then have time to stop?

It was not error for the court to submit to the jury as questions of fact to decide whether either or both of the drivers of the automobiles here involved were guilty of negligence which was a proximate cause of the collision.

Appellants claim 2 other grounds for reversal:

1. On the cross-examination of a police officer, the following occurred:

*"Mr. Newman* [attorney for appellants]: But you did give him [the defendant] a ticket?

*"The Witness:* Yes, sir.

*"Mr. Newman:* Do you know what he did about it?

*"Mr. Warren* [attorney for defendant]: Just a moment."

Then the court sustained the defendant's objection to the question, whereupon counsel for the defendant asked that the jury be instructed to disregard that question pertaining to the giving of a ticket. Appellants argue this ruling was error.

An official police report of the accident had been received in evidence without objection. It indicated charges against the defendant for certain violations. The court charged the jury:

"You heard some testimony here, and I think you will find it is in that police report here, the exhibit, that Mr. Helmer was given a ticket, or tickets—I don't know what for, some traffic violation—you are not to base your verdict upon that fact. You are to entirely disregard it. * * * You are not to consider the issuing of any ticket whatsoever as any evidence in this particular case."

We fail to find any reversible error in this matter. The court properly took care of it in the charge.

2. Appellants moved for a new trial on the ground that the verdict was contrary to the great weight of the evidence, claiming:

"There is no evidence that plaintiff Moffatt was guilty of any negligence that contributed to the cause of the collision. * * * The sole proximate cause of the accident was the failure of defendant Helmer to stop for a red light."

As hereinbefore indicated, the verdict was justified by the proofs. It was not against the great weight of the evidence.

Affirmed.

DETHMERS, C. J., and SHARPE, SMITH, REID, KELLY, CARR, and BLACK, JJ., concurred.