BERK v. BLAHA

1. AUTOMOBILES—YELLOW FLASHER—RED FLASHER—STATUTES.
    The driver approaching an intersection with a yellow flashing
    signal light is required to proceed with caution while a driver
    approaching an intersection with a red flashing signal light
    is required to stop (MCLA § 257.614).

2. AUTOMOBILES — THROUGH HIGHWAY — INTERSECTIONS — YELLOW
    FLASHER—STATUTES.
    A driver on a favored trunkline, approaching an intersection
    controlled by a yellow flashing signal used pursuant to a
    statute, need not slow down to an insurer's rate of speed
    when he sees another motor vehicle approach on the non-
    favored way and then stop according to law, only to start
    out into the intersection on a then inevitable collision course
    (MCLA § 257.614).

3. AUTOMOBILES—NEGLIGENCE—INTERSECTIONS—YELLOW FLASHER—
    JURY QUESTION—DIRECTED VERDICT.
    Trial court properly directed a verdict for the defendants when
    the testimony, upon favorable view, failed to present any
    facts from which a jury might properly find a breach of
    duty by defendant-driver where there was no testimony
    that he saw, could have seen, or could not have seen plain-
    tiffs' car until he was 25 to 30 feet from it while driving
    on a highway approaching an intersection controlled by a
    yellow flasher signal and there was no testimony whatsoever
    as to the speed of plaintiffs' vehicle.

Appeal from Court of Appeals, Division 2, Fitz-
gerald, P. J., and Levin and T. M. Burns, JJ.,
affirming Oakland, Robert L. Templin, J. Submitted

---

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 7 Am Jur 2d, Automobiles and Highway Traffic § 210.
    8 Am Jur 2d, Automobiles and Highway Traffic § 745.

March 3, 1971.   (No. 35 January Term 1971, Docket
No. 52,688.)   Decided April 5, 1971.

   21 Mich App 83 affirmed.

   Complaint by William Berk, guardian of Cheryl
Lynn Berk, a minor, and by Ann T. Berk against
Robert Blaha, Sr., and Robert Blaha, Jr., for inju-
ries sustained in an automobile collision.  Judgment
for defendants.  Plaintiffs appealed to the Court
of Appeals.  Affirmed.  Plaintiffs appeal.  Affirmed.

   *Charfoos & Charfoos,* for plaintiffs.

   *Plunkett, Cooney, Rutt & Peacock* (by *John D.
Hayes* and *Richard F. Brennan*).

   PER CURIAM.   On the evening of June 14, 1967,
17-year old Robert Blaha, Jr., was driving east on
Maple Road.   A yellow flasher controlled its inter-
section with Middlebelt Road.   About 200 to 250
feet before coming to the intersection, the view of
Middlebelt Road to the north was blocked by a
church.   Robert testified he was driving at 40 miles
per hour, five miles below the speed limit, as he
passed the church.   No obstruction to his view of
Middlebelt existed from there to the intersection.
   Plaintiffs were passengers in a car traveling
south on Middlebelt Road.   The car came through
a red flasher.   The Blaha car hit the Berk car on
the right side in the intersection of Maple Road
and Middlebelt Road.   This suit for injuries to the
passengers in the Berk car is the result.
   Counsel elected to base plaintiffs' case solely on
the testimony of defendant-driver, Robert Blaha,
Jr., who was called for cross-examination by plain-
tiffs pursuant to the provisions of MCLA § 600.2161

(Stat Ann 1962 Rev § 27A.2161). Robert, Jr., testified that he slowed down so that his speed was about 30 miles per hour by the time he reached the intersection, that he looked to both left and right but saw no vehicle on Middlebelt. He caught a glimpse of headlights coming from the left, slammed on his brakes and hit plaintiffs' car which he saw for the first time when it was 25 to 30 feet away. The trial court directed a verdict for defendants. Plaintiffs appealed. The Court of Appeals affirmed (21 Mich App 83). We granted leave (383 Mich 817).

Was there sufficient evidence of negligence to take the case to the jury?

A driver approaching an intersection with a yellow flashing signal light is required to proceed with caution. A driver approaching an intersection with a red flashing signal light is required to stop. MCLA § 257.614 (Stat Ann 1968 Rev § 9.2314).

The duty of a driver approaching an intersection controlled by a yellow flashing signal was discussed in *DePriest* v. *Kooiman* (1967), 379 Mich 44, 49:

"It is not the law of this State that a motorist proceeding on a favored trunkline, toward an intersection controlled by flashing lights under said CLS 1961, § 257.614, must slow down to an insurer's rate of speed when he sees another motor vehicle approach on the nonfavored way, and then stop according to law, only to start out into the intersection on a then inevitable collision course."

See also, *McGuire* v. *Rabaut* (1958), 354 Mich 230, 236, 238, 239.

In *Moffatt* v. *Helmer* (1956), 345 Mich 153, this Court held there was a proper jury issue as to the negligence of a motorist proceeding through a yellow flasher when there was evidence that he knew the vehicle approaching the red flasher was proceeding at such a rate of speed that it could not

stop before entering the intersection.   In this case, there is no testimony that defendant-driver saw, could have seen, or could not have seen plaintiffs' car until he was 25 to 30 feet from it.   There is no testimony whatsoever as to speed of plaintiffs' vehicle.   It could have been traveling 90 miles per hour or 30.   The trial court correctly pointed out, "there are all kinds of possibilities, but there is nothing in the record."

Upon favorable view, the testimony in this case fails to present any facts from which a jury might properly find a breach of duty by defendant-driver. The trial court and the Court of Appeals are affirmed.   Costs to appellees.

T. M. KAVANAGH, C. J., and BLACK, ADAMS, T. E. BRENNAN, T. G. KAVANAGH, SWAINSON, and WILLIAMS, JJ., concurred.