WILCOX *v.* HILL

Automobiles — Negligence — Contributory Negligence — Yellow Flasher Signal.
>    Plaintiff driver in an automobile negligence case was properly found to have been contributorily negligent by failing to exercise the caution required of a person approaching a yellow flasher signal where the evidence showed that plaintiff, facing the intersectional yellow flasher, could have seen defendant, who failed to stop for a red flasher, while both their vehicles were still approximately 100 feet from the intersection, that both drivers were going only 25 miles per hour, that plaintiff did not see defendant's vehicle until they were both in the intersection, and plaintiff's attention was finally drawn to defendant's vehicle only by the screech of defendant's brakes, not by the exercise of ordinary diligence or by the caution of one approaching an intersection controlled by a yellow flasher (MCLA § 247.614).

Appeal from Saginaw, Eugene Snow Huff, J. Submitted Division 3 May 7, 1971, at Grand Rapids. (Docket No. 8648.)  Decided July 28, 1971.

Complaint by Ward Wilcox, Jr., against Ted R. Hill for personal injuries sustained in an automobile collision.  Judgment for defendant.  Plaintiff appeals.  Affirmed.

*Doozen, Scorsone, Trogan & Trogan, P. C.,* for plaintiff.

*Crane, Kessel & Crane,* for defendant.

---

Reference for Points in Headnote
7 Am Jur 2d, Automobiles and Highway Traffic §§ 210, 421, 1005.

Before: R. B. BURNS, P. J., and HOLBROOK and LEVIN, JJ.

PER CURIAM. Plaintiff, Ward Wilcox, Jr., was injured when an automobile he was driving collided at an intersection with an automobile being driven by the defendant, Ted R. Hill. The intersection was controlled in one direction by a red flashing light and by a yellow flashing light in the other. Plaintiff faced the yellow light and the defendant the red. The defendant did not stop at the intersection in obedience to the flashing red light. The judge instructed the jury that the defendant had been negligent as a matter of law, but left to the jury the question whether the plaintiff was guilty of contributory negligence. The jury's verdict was no cause of action and the plaintiff appeals.

Recently in *Berk* v. *Blaha* (1971), 384 Mich 580, the Michigan Supreme Court considered the responsibility of a driver approaching a yellow flasher. In that case the question was whether there was sufficient evidence that the defendant driver, who faced the yellow flasher, had failed to "proceed through the intersection or pass such signal only with caution" as required by statute. MCLA § 257-.614 (Stat Ann 1968 Rev § 9.2314). In the present case the question was whether the plaintiff driver was contributorily negligent in failing to exercise the required caution.

In *Berk* v. *Blaha,* the Supreme Court ruled that the plaintiffs Berk, who were passengers in the automobile that ran the red light, had failed to sustain their burden of showing that the defendant driver of the vehicle facing the yellow flasher could, through the exercise of care and caution, have seen the vehicle in which plaintiffs were passengers in time to avoid an accident. The Supreme Court

emphasized that the plaintiffs Berk had relied solely on the testimony of Blaha, the defendant driver, and there was "no testimony whatsoever as to speed of plaintiffs' vehicle. It could have been traveling 90 miles per hour or 30. The trial court correctly pointed out, 'there are all kinds of possibilities, but there is nothing in the record.' "

In the case at bar, however, there was testimony that both drivers claimed they were traveling at only 25 miles per hour. The defendant said that he observed the plaintiff's vehicle at a time when both vehicles were 100 feet from the intersection. Plaintiff testified that he was not aware of the defendant's vehicle until he heard the screech of defendant's brakes by which time both vehicles were already in the intersection.

Viewing the testimony in the light most favorable to the defendant, the jury could have properly found that the plaintiff could have seen the defendant's vehicle while both vehicles were still approximately 100 feet from the intersection but, nevertheless, the plaintiff did not see the defendant's vehicle until they were both in the intersection and that plaintiff's attention was finally drawn to the defendant's vehicle, not by the exercise of ordinary diligence, let alone the caution required of one approaching an intersection controlled by a yellow flasher, but rather only by the screech of defendant's brakes, and could have concluded on the basis of such findings that the plaintiff's conduct did not conform to the standard of care required by the statute and, accordingly, constituted contributory negligence.

An automobile proceeding at 25 miles per hour travels 37 feet per second. According to a table in common use, allowing time for perception, reaction, and stopping, an automobile proceeding at that

rate of speed can be stopped in 91 feet.[1] The jury could, therefore, properly find that plaintiff's contributory negligence was a cause of the accident.

We do not read *Berk* v. *Blaha* as holding that a driver facing a yellow flasher does not have an affirmative duty to exercise caution until he in fact observes a vehicle approaching on an intersecting road at such a rate of speed that it could not be stopped before entering the intersection.

Affirmed.   Costs to defendant.

---

[1] Uniform Table of Driver Stopping Distances, Including Perception-Reaction Distance, reprinted as Document No. 176, p 456, Am Jur 2d Desk Book.