# STATE OF MICHIGAN

# COURT OF APPEALS

CLAYTON J. EWALT

   Plaintiff-Appellee,

v

MICHIGAN DEPARTMENT OF
TRANSPORTATION,

   Defendant,

and

MARK A. MEYLAN,

   Defendant-Appellant.

UNPUBLISHED
January 26, 2016

No. 323212
Court of Claims
LC No. 14-000025-MZ

Before: RIORDAN, P.J., and JANSEN and FORT HOOD, JJ.

PER CURIAM.

Defendant, Mark A. Meylan,[1] an employee of defendant Michigan Department of Transportation ("MDOT"), appeals as of right a Court of Claims order denying his motion for summary disposition under MCR 2.116(C)(7) (governmental immunity). We affirm.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case arises from an accident in Lapeer County involving a garbage truck, driven by plaintiff Clayton J. Ewalt, and a MDOT truck and trailer, driven by defendant. Plaintiff, who was traveling west on Newark Road, entered an intersection under a green light, at which time defendant, who was traveling north on M-53, entered the intersection under a red light. Plaintiff's truck struck the side of the MDOT vehicle, and plaintiff was ejected from the truck. Due to the accident, plaintiff sustained significant injuries.

After filing his initial complaint, plaintiff filed a first amended complaint, alleging that defendant's conduct constituted negligence and/or gross negligence and that both defendants

---

[1] Because defendant Michigan Department of Transportation is not a party to this appeal, we will refer to defendant Mark A. Meylan as "defendant" in this opinion.

were liable for the damages that plaintiff had sustained from the accident. Prior to discovery, defendant moved for summary disposition pursuant to MCR 2.116(C)(7), arguing that plaintiff's claim was barred by governmental immunity, as plaintiff failed to plead facts or proffer evidence demonstrating that defendant's conduct constituted "gross negligence" for purposes of MCL 691.1407. The only documentary evidence relevant to this appeal that defendant provided with his motion were two police reports prepared on the day of the incident, one of which included defendant's explanation of the accident.

The Court of Claims denied defendant's motion for summary disposition, holding that plaintiff's allegations adequately pleaded a claim in avoidance of governmental immunity because the facts as alleged may support a finding of gross negligence. Additionally, it concluded that defendant's statements in the police report did not contradict the facts supporting plaintiff's allegations of gross negligence—*i.e.*, that defendant entered the intersection, while driving a truck and trailer, when the traffic light was red—because defendant's statements constituted hearsay within hearsay, and defendant did not establish a foundation for the admissibility of the statements. Finally, it stated that it could not find, based on the limited evidence in the record, that reasonable minds all would agree that defendant's conduct did not constitute gross negligence. Later, defendant filed a motion for reconsideration, which the Court of Claims denied.

## II. SUMMARY DISPOSITION UNDER MCR 2.116(C)(7)

Defendant argues that the Court of Claims erred in denying his motion for summary disposition pursuant to MCR 2.116(C)(7) because plaintiffs' allegations were insufficient to create a genuine issue of material fact as to whether defendant's conduct constituted gross negligence, contending that running a red light does not, without more, establish gross negligence. Additionally, defendant asserts that the Court of Claims erred in refusing to consider defendant's explanation of the accident in the police report, which rebutted plaintiff's allegations and demonstrated that defendant inadvertently "mistimed" the traffic signal because the visibility of the signal was partially inhibited due to the wind. We disagree.

### A. STANDARD OF REVIEW

This Court reviews *de novo* a trial court's grant or denial of summary disposition as well as "[t]he applicability of governmental immunity and the statutory exceptions to immunity." *Moraccini v Sterling Hts*, 296 Mich App 387, 391; 822 NW2d 799 (2012). A trial court may grant summary disposition under MCR 2.116(C)(7) when "[e]ntry of judgment, dismissal of the action, or other relief is appropriate because of . . . immunity granted by law." MCR 2.116(C)(7); *Moraccini*, 296 Mich App at 391. "In reviewing a motion for summary disposition under MCR 2.116(C)(7), a court considers the affidavits, pleadings, and other documentary evidence presented by the parties and accepts the plaintiff's well-pleaded allegations as true, except those contradicted by documentary evidence." *McLean v Dearborn*, 302 Mich App 68, 72-73; 836 NW2d 916 (2013). However, "a movant under MCR 2.116(C)(7) is not required to file supportive material, and the opposing party need not reply with supportive material," *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999), unless the grounds asserted in the motion are not clear from the face of the pleadings, MCR 2.116(G)(3)(a). If a party does provide

documentary evidence with its motion under MCR 2.116(C)(7), "the substance or content of the supporting proofs must be admissible in evidence." *Maiden*, 461 Mich at 119.

To survive a motion for summary disposition brought under MCR 2.116(C)(7), a plaintiff must allege facts that "warrant[] the application of an exception to governmental immunity." *Plunkett v Dep't of Transp*, 286 Mich App 168, 180; 779 NW2d 263 (2009). "If no [material] facts are in dispute, or if reasonable minds could not differ regarding the legal effect of the facts, the question whether the claim is barred by governmental immunity is an issue of law." *Willett v Charter Twp of Waterford*, 271 Mich App 38, 45; 718 NW2d 386 (2006) (quotation marks and citation omitted).

## B. ANALYSIS

Under the Michigan governmental immunity act, MCL 691.1401 *et seq*., governmental agencies and their employees have the benefit of extensive immunity from tort liability while they are "engaged in the exercise or discharge of a governmental function." MCL 691.1407; see also *Tarlea v Crabtree*, 263 Mich App 80, 82; 687 NW2d 333 (2004). At issue in this case is MCL 691.1407(2), which limits when a governmental employee may be individually liable for personal injuries arising out of his or her conduct while acting on behalf of a governmental agency:

> (2) Except as otherwise provided in this section, and without regard to the discretionary or ministerial nature of the conduct in question, each officer and employee of a governmental agency, each volunteer acting on behalf of a governmental agency, and each member of a board, council, commission, or statutorily created task force of a governmental agency is immune from tort liability for an injury to a person or damage to property caused by the officer, employee, or member while in the course of employment or service or caused by the volunteer while acting on behalf of a governmental agency if all of the following are met:
>
> (a) The officer, employee, member, or volunteer is acting or reasonably believes he or she is acting within the scope of his or her authority.
>
> (b) The governmental agency is engaged in the exercise or discharge of a governmental function.
>
> (c) The officer's, employee's, member's, or volunteer's conduct does not amount to gross negligence that is the proximate cause of the injury or damage. [MCL 491.1407(2); see also *Tarlea*, 263 Mich App at 82.]

The parties do not dispute that defendant was a governmental employee who reasonably believed that he was acting within the scope of his authority, and that the governmental agency was engaged in the exercise or discharge of a governmental function. MCL 691.1407(2)(a), (b). The only contested issue is whether plaintiff's allegations could support a finding of gross negligence under MCL 691.1407(2)(c).

"Gross negligence" is defined as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(8)(a).[2] With regard to MCL 691.1407, gross negligence "has [also] been characterized as a willful disregard of safety measures and a singular disregard for substantial risks." *Oliver v Smith*, 290 Mich App 678, 685; 810 NW2d 57 (2010); see also *Tarlea*, 263 Mich App at 90. Therefore, under the statute, "gross negligence" denotes "situations where the contested conduct was substantially more than negligent." *Maiden*, 461 Mich at 121-122. "[E]vidence of ordinary negligence does not create a material question of fact concerning gross negligence." *Id.* at 122-123.

Plaintiff's first amended complaint alleges, *inter alia*, that (1) the traffic signal was green for plaintiff as he proceeded through the intersection; (2) the traffic signal was red for defendant as he entered the intersection; and (3) defendant "disregarded the red signal and unlawfully proceeded into the intersection[,] causing a collision between his vehicle and the vehicle [p]laintiff was operating." Defendant asserts that the police report provided with his motion for summary disposition constituted documentary evidence that rebutted the allegations in plaintiff's complaint and conclusively established that his conduct constituted, at most, ordinary negligence, not gross negligence. As the Court of Claims concluded, however, the content of the witness statements in the police report, including defendant's statements, must be admissible in content—although not necessarily in form—in order to rebut plaintiff's allegations for purposes of MCR 2.116(C)(7). See *Maiden*, 461 Mich at 119; *Latits v Phillips*, 298 Mich App 109, 113; 826 NW2d 190 (2012) ("[W]hile a motion for summary disposition must be supported by admissible evidence, that evidence does not have to be in admissible form.").

Statements in a police report providing an officer's personal observations, which he or she could testify to at trial, are admissible. *Latits*, 298 Mich App at 113-114. Additionally, some statements in a police report may be admissible under MRE 803(6) (records of regularly conducted activity) or MRE 803(8) (public records or reports). *Id.* at 114. However, when a police report contains a second level of hearsay, the second level of hearsay must also qualify under an exception to the rule against hearsay. *Maiden*, 471 Mich at 125; see also MRE 805 ("Hearsay included within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule provided in these rules."); *Merrow v Bofferding*, 458 Mich 617, 627; 581 NW2d 696 (1998).

Contrary to defendant's claims, he cannot rely on MRE 801(d)(2) for the admissibility of his own statements within the police report in support of his motion for summary disposition. MRE 801(d)(2) provides, in relevant part, that an admission by a party-opponent is admissible as non-hearsay as long as "[t]he statement is offered against a party and is . . . the party's own statement, in either an individual or a representative capacity, except statements made in connection with a guilty plea to a misdemeanor motor vehicle violation or an admission of responsibility for a civil infraction under laws pertaining to motor vehicles." Because MRE

---

[2] MCL 691.1407 was amended by 2013 PA 173, effective April 1, 2014. The definition of "gross negligence" is identical under both versions, although the definition was previously codified under MCL 691.1407(7)(a).

801(d)(2) unequivocally applies to a statement offered *against* a party, it is clear that a party offering his own hearsay statement in *support* of his position cannot rely on this rule for admission. Apart from MRE 801(d)(2), defendant has not identified in the Court of Claims or on appeal another rule under which his statements in the police report are admissible. Accordingly, the Court of Claims did not err in declining to consider these statements and, therefore, concluding that defendant neither rebutted plaintiff's allegations nor established that his conduct constituted ordinary negligence and not gross negligence.

Moreover, given the allegations in plaintiff's complaint, the Court of Claims properly denied defendant's motion for summary disposition. Defendant provided no evidence rebutting the allegation that he entered the intersection while the light was red and, in fact, admitted that fact as true during the summary disposition hearing. Notably, plaintiff's complaint does not allege that defendant mistakenly, unintentionally, or unknowingly proceeded through the intersection while the signal was red, nor does it allege any other facts that clarify whether defendant's conduct constituted ordinary or gross negligence. Instead, it states that defendant *disregarded* the signal. Additionally, it is undisputed that at least one other vehicle was present at the intersection when defendant disregarded the signal, as a collision occurred between plaintiff's and defendant's vehicles. Finally, a Lapeer County Sheriff deputy's personal observations described in a crash investigation report, which are admissible, *Latits*, 298 Mich App at 113-114, indicated that the condition of the vehicles and the intersection indicated that plaintiff's vehicle was moving at a slow speed, consistent with a vehicle entering an intersection under a green light; defendant's vehicle possessed greater momentum; and the collision involved enough force to move both commercial vehicles a northward direction.

Without further elucidation of the surrounding circumstances,[3] the allegations in plaintiff's complaint, as confirmed by the admissible observations in the deputy's report, comprehend a situation in which defendant observed the red light and chose to proceed through the intersection despite the potential consequences of his actions, thereby exhibiting "a willful disregard of safety measures and a singular disregard for substantial risks." *Oliver*, 290 Mich App at 685; see also MCL 691.1407(8)(a). Thus, reasonable minds could disagree regarding whether defendant's conduct in proceeding through an intersection against a red light, into the path of another vehicle, constitutes "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(8)(a).[4] Summary disposition is only

---

[3] We find it significant to note that "[t]he purpose of summary disposition is to avoid extensive discovery and an evidentiary hearing when a case can be quickly resolved on an issue of law." *Tarlea*, 263 Mich App at 88. That is not the case here.

[4] We are not persuaded by defendant's reliance on other cases involving accidents following the disregard of a red light or violations of safety statutes. These cases are inapposite here because they considered whether the defendant's conduct constituted ordinary negligence or implicated a presumption of ordinary negligence, and did not consider the gross negligence standard for purposes of governmental immunity under MCL 691.1407. See, e.g., *Klanseck v Anderson Sales & Serv, Inc*, 426 Mich 78, 86; 393 NW2d 356 (1986); *Vandervelt v Mather*, 353 Mich 1, 6-7; 90 NW2d 89 (1958); *Moffatt v Helmer*, 345 Mich 153, 156-157; 75 NW2d 887 (1956). Further, the

-5-

appropriate "when no reasonable person could find that a governmental employee's conduct was grossly negligent." *Tarlea*, 263 Mich App at 88; see also *Willett*, 271 Mich App at 45. As a result, the Court of Claims properly denied defendant's motion for summary disposition.

## III. CONCLUSION

The Court of Claims properly concluded that plaintiff pleaded a claim in avoidance of governmental immunity pursuant to MCL 691.1407(2). See *McLean*, 302 Mich App at 72-73; *Plunkett*, 286 Mich App at 180. Additionally, defendant did not support his motion for summary disposition with documentary evidence that contradicted plaintiff's allegations, see *McLean*, 302 Mich App at 72-73, because the documentary evidence on which defendant relied was inadmissible hearsay, see *Maiden*, 461 Mich at 119.

Therefore, based on the allegations in plaintiff's complaint and the admissible portions of the documentary evidence provided with defendant's motion, the Court of Claims properly denied defendant's motion for summary disposition under MCR 2.116(C)(7).

Affirmed.

/s/ Michael J. Riordan
/s/ Kathleen Jansen
/s/ Karen M. Fort Hood

---

cited caselaw does not stand for the proposition that conduct which may fulfill an ordinary negligence standard in a given case could not also constitute gross negligence as defined under MCL 691.1407(8)(a). Cf. 18A Michigan Civil Jurisprudence, Negligence, § 3 ("[A]lthough gross negligence and ordinary negligence are of a different character, and the former is not a higher degree of the latter, gross negligence includes ordinary negligence combined with a willful and wanton disregard of public safety.").

Moreover, *Poppen v Tovey*, 256 Mich App 351, 356; 664 NW2d 269 (2003), does not alter our conclusion, as the circumstances of the case are completely distinguishable from the instant case and provide no insight as to whether defendant's act of running of red light constituted gross negligence.